UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DAYS INNS WORLDWIDE, INC., | : | |
| Plaintiff, | : | Civ. No. 11-2046 (JLL) |
| v. | : | REPORT AND RECOMMENDATION |
| JAY KUMAR PATEL, | : | |
| Defendant. | : | |

**HAMMER, United States Magistrate Judge**

**I.   INTRODUCTION**

This matter is before the Court by way of plaintiff Days Inns Worldwide, Inc.'s ("Days Inns" or "plaintiff") motion to strike the answer of defendant Jay Kumar Patel ("Patel" or "defendant") for violating Fed. R. Civ. P. 16 and Fed. R. Civ. P. 37 and to enter default upon defendant pursuant to Fed. R. Civ. P. 55(a). (Pl.'s Mot. to Strike Def.'s Answer and Enter Default, Aug. 22, 2012, ECF No. 25). Plaintiff bases its motion on defendant's failure to provide discovery as directed by this Court. (See Pretr. Sched. Order, ¶ 1, Feb. 6, 2012, ECF No. 16). Pursuant to Local Civil Rule 72.1, the Honorable Jose L. Linares, United States District Judge, referred the motion to this Court for Report and Recommendation. Pursuant to Fed. R. Civ. P. 78, the Undersigned did not hear oral argument. For the reasons set forth below, the Undersigned respectfully recommends that the Court grant plaintiff's motion and enter default against defendant Jay Kumar Patel.

1

II.   **BACKGROUND**

    A.   **Factual Background**

The Complaint alleges that on or about December 20, 2004, plaintiff "entered into [a] License Agreement with Patel for the operation of a 100-room guest lodging facility located at 520 Queen City Parkway, Gainesville, Georgia 30501 . . . ." (Verified Complaint, ECF No. 1, ¶ 16). Days Inns alleges that on June 30, 2010, Patel unilaterally terminated the License Agreement, and that termination precluded Patel from any further use of plaintiff's trademarks. (Id. ¶¶ 31-33). Plaintiff further contends that Patel continued to use plaintiff's trademarks without authorization, despite receiving notification from plaintiff to cease and desist such misuse. (Id. ¶¶ 34-36). As a result, plaintiff asserts the following causes of action: (1) violations of Sections 32, 43(a), and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114(1)(a), 1125(a), 1125(c) (Count One); (2) restitution and disgorgement of profits (Count Two); and (3) various claims for breach of contract (Counts Three through Seven). (Id. ¶¶ 38-76).

On June 17, 2011, Patel filed an Answer, in which he objected to the Complaint on multiple grounds, raised three affirmative defenses, and denied most of plaintiff's allegations (the "Answer"). (Def.'s Answer, ECF No. 5).

    B.   **Procedural History**

To provide context for the relevant procedural history, it is useful to explain the two addresses used by defendant Patel:

    1.    <u>520 Queen City Parkway, Gainesville, Georgia (the "Gainesville Address")</u>: The Complaint alleges that this is defendant's address. (Verified Compl., April 11, 2011, ECF No. 1, ¶2). The Gainesville Address is the location of the hotel that was under defendant Patel's management, and the agreement stated that notices were to be sent to defendant Patel at the Gainesville Address. (Id., Exh. A, at 20,

    § 17.3).

  2. <u>5435 Chelsen Wood Drive, Duluth, Georgia (the "Duluth Address")</u>: Plaintiff served the Summons and Complaint at this address. (Aff. of Service, April 13, 2011, ECF No. 4). Defendant provided this address in his Answer and in a July 7, 2011, letter to the Court. (Answer, June 17, 2011, ECF No. 5, at 2; Letter, July 7, 2011, ECF No. 8). Because defendant Patel provided the Duluth Address as his address of record, notices from the Court were sent to defendant at this address. (<u>See</u>, <u>e.g.</u>, Certified Mail Receipt for Mailing of Pretrial Scheduling Order, Feb. 16, 2012, ECF No. 17).

On April 11, 2011, plaintiff filed a Complaint against defendant in this Court. (Verified Compl., ECF No. 1). On October 5, 2011, the Court directed the parties to submit a joint discovery plan. (Letter Order, at 1, Oct. 5, 2011, ECF No. 12). On November 4, 2011, plaintiff submitted a discovery plan. However, defendant did not sign the plan nor join plaintiff in preparing it. (<u>See</u> Joint Discovery Plan, Nov. 4, 2011, ECF No. 14; Pretr. Sched. Order, at 1 n.1, Feb. 6, 2012, ECF No. 16).[1]

The Court held an initial scheduling conference on February 6, 2012. Defendant Patel was notified of the scheduling conference, but he failed to appear. (Pretr. Sched. Order, at 1 n.1, Feb. 6, 2012, ECF No. 16). The Pretrial Scheduling Order instructed defendant Patel, pursuant to Fed. R. Civ. P. 26, to provide discovery and disclosures to plaintiff on or before February 20, 2012. (<u>Id.</u> ¶ 1). A copy of that Pretrial Scheduling Order was delivered via certified mail to defendant's address of record, namely the Duluth Address. (Certified Mail Receipt Returned, Feb. 16, 2012, ECF No. 17). To date, however, defendant has not complied with the Court's

---

[1] However, on July 6, 2011, defendant Patel submitted a letter to then-Magistrate Judge Cecchi that responded to the Court's June 22, 2011, Letter Order. July 6, 2011, Letter, ECF No. 8. In the letter, defendant Patel estimated discovery would take four months, indicated that he did not "intent to amend the Answer except to possibly add a third party complaint[,]" and did not intend to file dispositive motions before discovery was concluded. <u>Id.</u>

Scheduling Order by providing discovery or disclosures to plaintiff, nor attempted to contact defense counsel or the Court in regard to this litigation.

In a March 29, 2012, letter to the Court, plaintiff requested permission to file a motion to strike defendant's Answer for failure to provide discovery. (Letter, Mar. 29, 2012, ECF No. 19). In that letter, plaintiff represented that it had attempted to serve discovery requests on defendant. (Id.). For example, plaintiff stated that on October 11, 2011, it served initial written discovery demands on defendant, including a Demand for Answers to Interrogatories and a Request for the Production of Documents, but that defendant never responded before his time to answer expired on November 11, 2011. (Id.). In addition, plaintiff sent defendant another letter, dated March 14, 2012, requesting production of the outstanding discovery; however, that letter, like the October 11, 2011, correspondence, was sent to the Gainesville Address. (See id. Ex. A).

Plaintiff filed a motion to strike defendant's Answer and enter default, sending notice of that motion again to the Gainesville Address. (Mot. to Strike the Answer of Def. and Enter Default, Apr. 4, 2012, ECF No. 21). On July 9, 2012, the Court denied without prejudice plaintiff's April 4, 2012, Motion to Strike the Answer and Enter Default (ECF No. 21) upon learning that plaintiff had sent the discovery request letters, the Court's April 2, 2012, Order, and the motion to strike papers to defendant Patel at the Gainesville Address, rather than the Duluth Address.[2] (Order, July 9, 2012, ECF No. 23). To that end, the Court ordered the plaintiff to first send the discovery request letters and the Court's April 2, 2012, Order to defendant Patel at the Duluth Address. (Id. at 2-3). The Court further ordered that plaintiff could re-file the motion to

---

[2] The Court noted that defendant Patel had in fact responded to the Court's June 22, 2011, Letter Order, which the Court had sent to defendant's Duluth Address, and not the Gainesville Address. (Id. at 2 n.2).

strike and for entry of default only if plaintiff sent the discovery demands to defendant Patel at the Duluth Address and defendant Patel still failed to respond. (Id. at 2-3).

A copy of the July 9, 2012, Order was delivered via certified mail to defendant's address of record, i.e., the Duluth Address. (Certified Mail Receipt Returned, July 16, 2012, ECF No. 24). Defendant Patel did not respond.

Thereafter, on August 22, 2012, plaintiff filed the instant motion to strike defendant's Answer and enter default because defendant failed to provide discovery.[3] (Pl.'s Mot. to Strike the Answer of Def. and Enter Default, Aug. 22, 2012, ECF No. 25). Plaintiff certifies that, on July 9, 2012, it served its discovery demands and the Court's April 2, 2012 and July 9, 2012, Orders on defendant at the Duluth Address. Plaintiff further certifies that it advised defendant Patel that plaintiff would re-file its motion to strike if defendant Patel failed to provide responses by August 9, 2012. (See id. ¶ 14, ECF No. 25-1; Ex. C, Page 9, ECF No. 25-1). To date, defendant has failed to provide discovery responses or otherwise respond at all to plaintiff's July 9, 2012, correspondence or to the Court's prior Orders.

**III.   DISCUSSION**

Rules 16 and 37 of the Federal Rules of Civil Procedure authorize a court to sanction a party that fails to comply with a court order. Fed. R. Civ. P. 16(f)(1)(C). When a party violates such an order, the court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Fed. R. Civ. P. 16(f)(1). Accordingly, Rule 37(b)(2)(A) provides that when a party fails to obey a court order or to provide or permit discovery, the court may "(iii)

---

[3] The motion to strike defendant's Answer and enter default was referred to the Undersigned on August 22, 2012.

strik[e] pleadings in whole or in part; [or] . . . (vi) render[] a default judgment against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(A).

The Third Circuit Court of Appeals has identified six factors for courts to evaluate when deciding whether to impose the sanction of dismissal. Poulis v. State Farm & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). The Poulis factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether there has been a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. No particular Poulis factor is controlling; in fact, a court may grant dismissal even when some of the factors are not satisfied. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). Thus, the decision whether to dismiss is left to the court's broad discretion. Id. at 221-22.

Here, with respect to the first Poulis factor, the Court finds that defendant is personally responsible for his failure to provide discovery. On July 9, 2012, plaintiff served its discovery demands and the Court's April 2, 2012 and July 9, 2012 Orders on defendant at the Duluth Address. (See Pl.'s Mot. to Strike the Answer of Def. and Enter Default, Page 3, ¶ 14, Aug. 22, 2012, ECF No. 25-1). Yet defendant has not provided discovery or responded in any manner to plaintiff's requests. Thus, defendant has failed personally to abide by the Court's instruction to provide discovery and disclosures pursuant to Fed. R. Civ. P. 26. (See Pretr. Sched. Order, ¶ 1, Feb. 6, 2012, ECF No. 16).

It is possible that defendant Patel did not receive plaintiff's initial discovery demands, or plaintiff's first motion to strike, because plaintiff sent the documents to the Gainesville Address. However, the Court's July 9, 2012, Order and plaintiff's subsequent service of the discovery

demands on defendant Patel at the Duluth Address adequately resolved that possibility.  Indeed, plaintiff has now served its discovery demands and motion to strike on defendant Patel at both the Gainesville and Duluth Addresses, and has done all that could reasonably be expected of it to ensure that defendant Patel had notice of its discovery obligations.  Further, the July 9, 2012, Order and the plaintiff's current motion to strike were sent to defendant Patel's address of record, and there is no suggestion in the record that any of the Court's Orders sent to defendant Patel were returned as undeliverable.  Therefore, any question of whether defendant Patel received the discovery demands and plaintiff's motion was resolved by plaintiff's compliance with the July 9, 2012, Order.  However, defendant Patel has failed to respond to plaintiff's discovery demands, or the motion to strike, or the Court's Orders.

The second Poulis factor also weighs heavily in favor of granting plaintiff's motion to strike and enter default because defendant's refusal to engage in discovery prejudices plaintiff's ability to litigate the case.  Due to defendant's unresponsiveness, plaintiff has been forced to file several motions and to expend valuable time and resources in an effort to procure relevant discovery.  See Hoxworth v. Blinder Robinson & Co., Inc., 980 F.2d 912, 920; Ramada Worldwide Inc. v. NPR Hospitality Inc., No. 06-4966 (JBS), 2008 WL 163641, at *4 (D.N.J. Jan. 16, 2008) (finding prejudice where a party "fail[ed] to comply with the court orders and participate in [the] litigation").  Here, defendant failed to prepare or submit jointly the discovery plan and he neglected to attend the Rule 16 conference, both of which prejudiced plaintiff by forcing it to incur additional, unnecessary costs.

The third Poulis factor is satisfied in this case as well because there is a history of dilatoriness on the part of defendant.  (See Pretr. Sched. Order, at 1 n.1, Feb. 6, 2012, ECF No.

16) (The Court noted that "defendant did not appear for the [initial scheduling] conference despite notification by the Court. As also set forth on the record, defendant did not participate in the preparation of the Joint Discovery Plan."). Since filing a letter on July 7, 2011 (ECF No. 8), defendant has filed nothing in connection to this case or participated at all in the pretrial discovery process. Defendant's neglect is particularly flagrant in light of the fact that the Court ordered him to engage in discovery (ECF No. 16) and sent that Order to defendant Patel's address or record - i.e., the Duluth Address. (See ECF No. 17). Still, over seven months later, defendant has not abided the Court's Order. Such dilatoriness weighs in favor of striking defendant's Answer.

The Court also must conclude from the record that defendant Patel's failure to comply with the Court's Orders and his discovery obligations has been willful, thereby satisfying the fourth Poulis factor. See Ramada, 2008 WL 163641, at *4-5 (characterizing the defendants' non-compliance with a court order as "willful" conduct). No evidence suggests that defendant's failure to produce discovery or comply with Court orders is a result of neglect, mistake, or inadvertence. As noted above, although plaintiff initially sent its discovery demands and motion to the Gainesville Address, plaintiff's compliance with the July 9, 2012, Order resolved any possibility that defendant Patel had not received the discovery demands or motion. (See ECF No. 25-1). Defendant, though, has not responded. Thus, defendant's "willful" conduct weighs in favor of striking the Answer. Moreover, because defendant has not participated in the case, the Court concludes alternative sanctions would not compel defendant to provide discovery, rendering the fifth Poulis factor in plaintiff's favor. See First Franklin Fin. Corp. v. Rainbow Mortg. Corp., Inc., No. 07-5440 (JBS), 2010 WL 4923341 (D.N.J. Oct. 19, 2010). Indeed, given

defendant Patel's failure to participate in the initial scheduling conference, failure to comply with his discovery obligations, and failure to respond to plaintiff's motion, the Court concludes that alternative sanctions would be futile.  Finally, the Court concludes that the sixth Poulis factor is neutral and non-dispositive because both parties' positions appear reasonable from the pleadings. Hoxworth, 980 F.2d at 922.

On balance, then, the Poulis factors dictate convincingly the recommendation that plaintiff's motion to strike defendant's Answer be granted and that a default be entered against defendant.  The Court acknowledges that striking an answer and entering default are drastic measures reserved for the most extreme cases.  See Poulis, 747 F.2d at 867-68 (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976)).  But defendant's consistent disregard for his responsibility to participate actively in the case warrants such sanctions in this matter.  See Nat'l Hockey League, 427 U.S. at 643, 96 S. Ct. at 2781, 49 L. Ed. 2d at 751 (finding "the most severe in the spectrum of sanctions . . . must be available . . . in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent"); Parker v. Pennstar Bank, NBT, 436 F. App'x 124, 125-27 (3d Cir. 2011) (dismissing plaintiff's complaint based on failing to comply with court-ordered discovery and "flout[ing] the magistrate judge's orders").

**IV.   CONCLUSION**

For the reasons stated above, the Undersigned respectfully recommends that plaintiff's motion to strike defendant's Answer be granted and that the Court enter default against defendant.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c)(2).


Date: October 23, 2012               s/*Michael A. Hammer*                    
                                     **UNITED STATES MAGISTRATE JUDGE**