**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INN WORLDWIDE, INC.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JAY KUMAR PATEL,<br><br>　　　　　　Defendant. | Civil Action No.: 11-2046 (JLL)<br><br><br><br>**O R D E R** |

This matter, having come before the Court by way of Plaintiff's motion for default judgment (CM/ECF Docket Entry No. 30) against Defendant Jay Kumar Patel ("Patel" or "Defendant") pursuant to Federal Rule of Civil Procedure 55, and no opposition having been filed, and it appearing that:

1. Plaintiff commenced this action on April 11, 2011 seeking damages as a result of a breach of a license agreement with Defendant. (CM/ECF No. 1). On June 17, 2011, Patel filed an Answer, in which he objected to the Complaint on multiple grounds, raised three affirmative defenses, and denied most of plaintiff's allegations. (CM/ECF No. 5). Plaintiff moved to strike the answer and enter default August 22, 2012 (CM/ECF No. 25). On October 23, 2012, Magistrate Judge Michael Hammer issued a Report and Recommendation that the Court grant Plaintiff's motion and enter default against Defendant Patel for failure to comply with the Court's Orders and his discovery obligations. (CM/ECF No. 26). This Court adopted the Report and Recommendation on November 13, 2012. (CM/ECF No. 28). The Clerk entered default on November 14, 2012 and Plaintiff filed the instant motion on December 14, 2012. (CM/ECF No. 30).

2. Plaintiff seeks to recoup $273,399.73 comprised of the following amounts: (1) $123,668.24 in Recurring Fees (principal plus prejudgment interest); (2) $100,000.00 in liquidated damages; (3) $43,993.44 for prejudgment interest on

1

liquidated damages; and (4) $5,738.05 for attorneys' fees and costs.

3. A court should consider the following factors in determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and 3) whether the defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Here, Plaintiff would be prejudiced if default were denied because doing so would in effect permit Defendant to evade liability for its contractual obligations simply by failing to comply with Court Orders and discovery obligations or otherwise defend this action. In addition, the Court previously found that Defendant's failure to comply was willful.

4. The consequence of the entry of default judgment is that "the factual allegations of the complaint except those relating to the amount of damages, will be taken as true." Comdyn I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). If the damages are not for a sum certain, or for a sum which can by computation be made certain, the "court may conduct such hearings or other such references as it deems necessary and proper." Id. (citing Fed. R. Civ. P. 551(a) and (b)). Accordingly,

IT IS on this 15 day of January, 2013,

ORDERED that Plaintiffs' motion for default judgment (CM/ECF Docket Entry No. 30) is GRANTED; and it is further

ORDERED that a hearing on the issue of damages is hereby scheduled for Wednesday, February 20, 2013 at 2:00 p.m.

SO ORDERED.

Jose L. Linares
United States District Judge